ELI ALLEN, Appellee, v. B. URDANGEN, Appellant.

**Exclusion of evidence:** PREJUDICE. Where the answer of a witness on cross-examination was confusing and his redirect examination did not clear the confusion, its exclusion as leading and suggestive was not prejudicial, especially as no further attempt to examine the witness on the subject was made.

**Same.** Where defendant in a suit for wages testified to a special contract at a certain price per day and that he had paid plaintiff at that rate for all the days he had worked, which was admitted, there was no prejudice in excluding ·the further inquiry as to whether defendant had paid him in full for his services, as the subject had already been fully covered.

**Action for services:** *Quantum meruit*: EVIDENCE. In a suit on *quantum meruit* for services a witness may testify to the reasonable value of the services he saw plaintiff perform, and to the going wage at the time and place for similar labor.

**Same.** Evidence reviewed and held to sustain a verdict for plaintiff in a suit for the reasonable value for services, as against the contention of defendant that the work was performed ·under an express agreement as to *per diem*.

*Appeal from Poweshiek District Court.*—HON. K. E. WILCOCKSON, Judge.

WEDNESDAY, FEBRUARY 17, 1909.

THIS is an action on *quantum meruit* for balance due for the value of services rendered by plaintiff to defendant. The defendant admits the rendition of services, but avers that the same were rendered in pursuance of an express agreement that they should be paid for at the rate of $1 per day, and that the amount so agreed upon was so paid in full by the defendant to the plaintiff from time to time as the services were rendered. There was a trial before a jury. Verdict and judgment for the plaintiff. Defendant appeals.—*Affirmed.*

*J. H. Patton,* for appellant.

*Boyd & Bray,* for appellee.

EVANS, C. J.—In· April, 1906, the plaintiff entered into the employment of the defendant for the performance of common labor, of ·a miscellaneous character. Shortly prior to this time the plaintiff had been in the employ-

ment of the defendant at an agreed wage of $1 per day.
It is claimed by the plaintiff that at the time of the latter
employment the defendant said to him that he would
pay him as good wages as he could get anywhere, and that
there was nothing else said on the subject of wages. The
defendant contends that the plaintiff came to him to seek
work, and offered to work for $1 per day, and that the
defendant accepted the offer and set him to work. The
plaintiff worked under this employment with more or less
regularity until about February 19, 1907. At the end of
each week, usually, he presented to the defendant a state-
ment of his time, and received pay therefor from the de-
fendant at the rate of $1 per day. The defendant alleged
an oral agreement for an express wage, and denied that
the value of plaintiff's services was greater than $1 per
day. The case is presented to us on this appeal upon
four assignments of error, and we will consider them in
the order of presentation by the appellant.

I. William Vogt, a witness for defendant, testified
in detail to a conversation had between himself and the
plaintiff while the plaintiff was in defendant's employ-
ment. He testified that as a part of this
conversation the plaintiff said to him that
he was receiving as wages $1 per day. On
cross-examination the following occurred:
"A. Well, he was saying that he was working for Mr.
Urdangen. Q. Was that all he said? A. Why, yes,
sir." Redirect examination: "Q. Now, Mr. Vogt, he
asked you if that was all that was said, that he was work-
ing for Mr. Urdangen. Do you want to be understood
that that was all the conversation that was had, or do you
want to be understood that the conversation was had as
you testified first? A. Yes, sir. (Objected to as leading
and suggestive, and putting words in the witness' mouth.
Sustained.)" The appellant complains of this ruling.
Whether right or wrong, he was in no manner hurt by it.

1. Exclusion of evidence: prejudice.

The question could very properly have been permitted by the court under the circumstances. There was some apparent confusion as to what the witness meant by his answer on cross-examination; but his answer on the redirect examination did not clear the confusion to any extent. The question being in the alternative, an affirmative answer could not be other than ambiguous. Appellant's counsel did not attempt to question the witness further on the subject. This he could have done, notwithstanding the ruling of the court. Appellant has therefore no ground of complaint at this point.

II. The defendant testified as a witness in his own behalf. His counsel put to him the following question: "Q. Do you know as a matter of fact whether or not you have paid him in full for all the services and all the days he worked for you? (Objected to as asking for the conclusion of the witness. Sustained.)" The refusal of the court to permit this question could work no possible prejudice to the defendant. He had testified fully to the fact of paying the plaintiff $1 per day for all the time he had worked for him. He had also testified to the alleged oral agreement that $1 a day was to be the wage. The plaintiff conceded that he had received $1 per day. The defendant did not claim to have paid him any more. There was therefore nothing left to be covered by the question under consideration, and the court properly excluded it.

*2. SAME.*

III. August Schrader was a witness for the defendant. He had worked for the defendant as a co-employee of the plaintiff for a number of days, and testified specifically as to the kind of work done by each. He had also described the physical condition of the plaintiff, as he saw it. The following questions put to this witness by defendant's counsel were ruled out by the court upon objection of plaintiff: "Q. From your observation of his labor for Mr.

*3. ACTION FOR SERVICES: quantum meruit: evidence.*

Urdangen do you know what the labor you saw him performing was reasonably worth? Q. Do you know what the going wage in Grinnell for common labor was say from April, 1906, until February, 1907? Q. During that time, did Mr. Allen perform the labor of an able-bodied man? Q. At that time was Mr. Allen able to do such work as carrying up the sheeting and things of that kind?" The first and second of the foregoing questions were entirely proper, and could have been permitted. It should be said, however, that the witness had previously answered similar questions in the negative. He afterwards answered similar questions in the affirmative, and was permitted to testify that plaintiff's labor was reasonably worth $1 per day. The ruling, therefore, worked no prejudice to the defendant. The objections to the third and fourth questions were properly sustained. If they had been answered by the witness in the negative, they would have added nothing to the witness' previous testimony except his mere conclusion.

IV. The fourth point urged by the appellant is that the verdict is contrary to the evidence, and to this point appellant's counsel devotes his principal argument. This question has given us no little trouble. The

4. SAME.

contention of the defendant as to an oral agreement for an express wage of $1 is very strongly corroborated by many undisputed facts of the case, and by much of the testimony of the plaintiff himself. That the plaintiff presented to the defendant at the end of each week (with one or two exceptions, in the absence of the defendant) a statement of his time and received pay therefor at $1 per day is undisputed. That plaintiff's last services consisted of three days in the month of February, for which he presented his statement about a week later and received of the defendant $3, without objection on his part, is conceded. The plaintiff was sixty-eight years of age, and more or less crippled, and walked with a cane.

He was always able, however, to lay aside his cane to do his work. That he could not do very heavy work was practically conceded by him. On the other hand, it was conceded by the defendant that he was a very efficient and reliable workman to the extent of his physical ability. The earning power of the plaintiff was a proper circumstance to be considered on the question whether he did really agree to work for $1 a day; it being shown by many witnesses that the reasonable wage of an average man was $2 per day. The fact that the plaintiff presented to the defendant a statement of his time weekly and received from him payment at the rate of $1 per day is quite inconsistent with plaintiff's present position, if unexplained. The explanation offered by plaintiff is that at or about the time defendant commenced to make payment at that rate he said he would make everything right with him later. While such an explanation is easily made, it is not wholly unreasonable. The work to be done by the plaintiff was varied in character. Some of it was slight and some of it was quite difficult and laborious. Undoubtedly the real value of such service could be determined after it was performed, better than before if the parties were willing to leave the question open. To our minds the weight of evidence is with the defendant, but we can not say that it so preponderates as to justify us in overruling the verdict of the jury and the action of the trial court in approving same. No exception is taken to the instructions of the trial court. On the whole record we see no ground on which we can properly interfere.

Judgment below is therefore *affirmed*.